UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ANTI-TRAFFICKING COALITION, an Idaho non-profit ogranization,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO COUNCIL ON DOMESTIC VIOLENCE AND VICTIM ASSISTANCE, WES SOMERTON, in his official and individual capacity, JESSICA UHRIG, in her official and individual capacity, AMBER MOE, in her official and individual capacity, JENNIFER BEAZER, in her official and individual capacity, RACHEL KASCHMITTER, in her official and individual capacity, JONA JACOBSON, in her official and individual capacity, CLINT LEMIEUX, in his official and individual capacity, and DANA WIEMILLER, in her official and individual capacity,<br><br>Defendants. | Case No. 1:24-cv-00526-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court is Defendants' Motion to Dismiss (Dkt. 29). All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 25.) For the reasons set forth below, the Court will grant the motion in part and reserve ruling on the motion in part.

### PROCEDURAL HISTORY

Plaintiff Idaho Anti-Trafficking Coalition ("IATC") is an Idaho non-profit organization that provides services to human-trafficking victims. Compl. ¶ 11 (Dkt. 1). Defendant Idaho Council on Domestic Violence and Victim Assistance ("ICDVVA") is a state agency that funds,

**MEMORANDUM DECISION AND ORDER – PAGE 1**

promotes, and supports victim services. *Id.* ¶ 12. Among other things, ICDVVA receives grants from the federal government and distributes these funds to subrecipients in Idaho. *Id.* Since 2019, IATC has received grant funding from ICDVVA. *Id.* ¶ 21.

On September 25, 2024, ICDVVA sent IATC a letter informing IATC that it would not be renewing IATC's grant for fiscal year 2025 ("FY25"). *Id.* ¶ 100. IATC alleges that this decision was an act of retaliation against IATC's Executive Director for her exercise of her First Amendment rights. *Id.* ¶ 8. IATC also alleges that ICDVVA failed to provide it with appropriate procedural due process before revoking the grant. *Id.*

On October 31, 2024, IATC filed a complaint asserting First Amendment and procedural due process claims against ICDVVA, all of its members, and its Executive Director. *See generally Compl.* (Dkt. 1.) Approximately two weeks later, on November 13, 2024, Plaintiff filed a motion for preliminary injunction, asking the Court to reinstate its FY25 grant. *See* PI Mtn. (Dkt. 4). Due to stipulated briefing extensions, the motion did not become ripe until January 14, 2025. (Dkts. 7, 8, 26, 27, 28.)

Three days later, Defendants filed a motion to dismiss asserting both sovereign and qualified immunity. (Dkt. 29.) This Memorandum Decision and Order only addresses Defendants' assertion of sovereign immunity.

## LEGAL STANDARDS

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)). This immunity extends to officials acting on behalf of the state. *Natural Resources Defense Council v. California DOT*, 96 F.3d 420, 421 (9th Cir. 1996). There

is, however, one major exception. Under *Ex Parte Young*, a plaintiff may sue state officials to obtain prospective relief for an ongoing violation of federal law. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997)).

## DISCUSSION

A. Plaintiff's Claims Against ICDVVA

Plaintiff concedes that ICDVVA enjoys Eleventh Amendment sovereign immunity as a state agency or arm of the state. Pl.'s Rsp at 2 (Dkt. 32). Plaintiff appears to be arguing, however, that the Eleventh Amendment does not shield ICDVVA from suits for prospective injuctive relief. *Id.* at 2, 7 (asking to amend the complaint to seek an injunction against ICDVVA). This is incorrect. Sovereign immunity bars cases against arms of the state "regardless of the nature of the relief sought." *Crowe v. Or. State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). In other words, the *Ex Parte Young* exception does not appy to state agencies. *See Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (unpublished) (affirming that *Ex parte Young* "is limited to claims against individual state officials and does not extend to agencies"). The Court consequently will dismiss the claims against ICDVVA with prejudice.

B. Plaintiff's Official Capacity Claims

Plaintiff also brings suit against ICDVVA's seven council members and executive director in their official capacities. As Plaintiff acknowledges, it cannot obtain retrospective relief or damages against these defendants in their official capacites. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) ("sovereign immunity bars money

damages and other retrospective relief against a state" or its officials).[1]  To the extent the complaint asserts such claims, they must be dismissed.

Plaintiff argues, however, that it should be permitted to amend its complaint to make clear that is asserting official capacity claims for prospective injunctive relief.  Pl.'s Rsp at 2, 7 (Dkt. 32).  In the reply, Defendant maintains that any amendment would be futile because there is no ongoing constitutional violation and the relief Plaintiff is requesting – the reinstatment of its grant – is inherently retrospective in nature.  D.'s Reply at 10-11 (Dkt. 33).

This is not a dispute which is easily resolved in the abstract.  *See Edelman v. Jordan*, 415 U.S. 651, 667 (1974) ("the difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex parte Young* will not in many instances be that between day and night").  "Dismissal of a complaint without leave to amend," however, is only "proper" when "it is clear that the complaint could not be saved by any amendment." *Ariz. Students' Ass'n*, 824 F.3d at 871; *see also DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (internal citation omitted).  Here, the Court finds that the most prudent and efficient course it to wait to resolve any disputes regarding the nature of the relief sought until Plaintiff has provided the Court and counsel with the amended complaint laying out its allegations in detail.

The Court, accordingly, will allow Plaintiff an opportunity file an amended Complaint that complies with *Ex Parte Young* and its progeny.

---

[1] The Eleventh Amendment, however, does not prevent Plaintiff from seeking damages from the defendants in their individual capacities.  *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1125 (9th Cir. 2007).

**MEMORANDUM DECISION AND ORDER – PAGE 4**

## **ORDER**

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Dkt. 29) is GRANTED in part as follows:

    a. Plaintiff's claims against the Idaho Council on Domestic Violence and Victim Assistance are dismissed with prejudice. This Defendant will be terminated from the lawsuit.

    b. To the extent the complaint seeks damages from the official capacity defendants, these claims are dismissed with prejudice.

2. The Court grants Plaintiff leave to file an amended complaint.

    a. The amended complaint may not include claims against Defendant Idaho Council on Domestic Violence and Victim Assistance. Nor may it assert claims for damages against any defendant in his or her official capacity.

    b. The amended complaint must be filed by **February 14, 2025**.

    c. On the same day it files the amended complaint, Plaintiff must provide the Court and opposing counsel with an annotated copy of the amended complaint, showing - through redlining, underlining, strikeouts, or other similarly effective methods – how the proposed amended pleading differs from the original pleading.

    d. At the February 18, 2025 motion hearing, the Court will hear argument about how the Defendants' assertion of sovereign immunity applies to the amended official capacity claims.

3. The Court reserves ruling on the individual Defendants' assertion of qualified immunity. The Court will address qualified immunity after Plaintiff's motion for preliminary injunction has been resolved.

DATED: February 10, 2025

Raymond E. Patricco
Chief U.S. Magistrate Judge