RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
MATTHEW L. MAURER, ISB #12575
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ANTI-TRAFFICKING COALITION, an Idaho Non-Profit Organization, and JENNIFER ZIELINSKI, an individual,<br><br>*Plaintiffs,*<br><br>v.<br><br>WES SOMERTON, *et al.*,<br><br>*Defendants.* | Case No. 1:24-CV-00526-REP<br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL (DKT. 54)** |

Defendants, in their individual capacities,[1] hereby answer and respond to Plaintiffs' Second Amended Complaint ("SAC"), Dkt. 54, as follows:

**GENERAL RESPONSE**

Unless specifically admitted, Defendants deny each allegation, claim, and request for relief contained in the SAC.

**SPECIFIC RESPONSES**

With respect to the specific allegations, claims, and requests for relief contained in the specific paragraphs in the SAC, Defendants respond as follows:

**INTRODUCTION[2]**

1. Admitted that InvestigateWest was asking questions about COBS, that on April 17, 2024, an InvestigateWest reporter emailed ICDVVA's Executive Director requesting an interview regarding human trafficking, and that ICDVVA also received a public records request from InvestigateWest. Otherwise, denied.

2. Admitted that ICDVVA learned that InvestigateWest had contacted subrecipient agencies, ostensibly in researching an article that was focused on human trafficking issues. Admitted that Ms. Zielinski at various times provided information to InvestigateWest. Otherwise, denied.

---

[1] The Court has dismissed Plaintiffs' Second, Third, and Fourth Claims for Relief (*see* Dkt. 41, 42), leaving only the First Claim still active, which asserts a claim against the Defendants in their individual capacities only. Although Plaintiffs have retained the three dismissed claims in their SAC, Plaintiffs confirmed this was done in an effort to preserve appellate rights, conceding that the previously dismissed claims are not still active.

[2] Defendants will use the headings from the SAC for ease of reference only; such use does not mean agreement with the heading content.

3. Admitted that InvestigateWest published four online articles—on July 15, 16, 17, and 31—which speak for themselves. Otherwise, denied.

4. Denied.

5. Admitted that ICDVVA received FY25 grant applications before the June 7, 2024, deadline; that ICDVVA properly assessed all applications received; and that ICDVVA sent IATC a notification letter dated August 7, 2024, which speaks for itself. Otherwise, denied.

6. Admitted that ICDVVA received another public records request from InvestigateWest and that ICDVVA responded appropriately, both of which speak for themselves. Admitted that ICDVVA held a properly noticed, public, special meeting on September 6, 2024, which was audio recorded, at which the Council discussed whether to grant funding to COBS and IATC for FY2025 and as to which the audio recording speaks for itself. Otherwise, denied.

7. Admitted that ICDVVA held a regularly scheduled public meeting on September 20, 2024, at which, among other things, the Council voted not to grant funds to IATC for FY25. The September 25, 2024, letter speaks for itself. Otherwise, denied.

8. Denied.

## JURISDICTION AND VENUE

9. Denied.

10. Admitted as to appropriate cases.

11. Admitted that venue is proper in this Court. Otherwise, denied.

**PARTIES**

12. Denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

13. Admitted that Plaintiff Jennifer Zielinski was the Executive Director of IATC. Otherwise, denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

14. Admitted, except that Mr. Somerton was the Chair of ICDVVA in 2024 but is not presently the Chair of ICDVVA.

15. Admitted, except that Ms. Uhrig was the Vice-Chair of ICDVVA in 2024 but is now the Chair.

16. Admitted.

17. Admitted.

18. Admitted that Ms. Kaschmitter was the ICDVVA council member representing Region V in 2024 but is no longer on the Council.

19. Admitted that Ms. Jacobson was the ICDVVA council member representing Region VI in 2024 but is no longer on the Council.

20. Admitted.

21. Denied.

**GENERAL ALLEGATIONS**

22. Admitted that ICDVVA falls under the authority of the State of Idaho and consists of council members from seven regions throughout the State of Idaho. Otherwise, denied. Further admitted that IATC has been a subrecipient of ICDVVA since FY 2020.

Otherwise, denied for lack of information sufficient to form a belief regarding the truth of the allegations in the remainder of this paragraph.

23. Denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

24. Denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

25. Admitted.

26. Admitted that ICDVVA has established an application and grant approval process that complies with federal law and that ICDVVA follows as part of its determination of which organizations will be awarded grants for each fiscal year. Otherwise, denied.

27. Admitted, but the correct Administrative Code citation is now IDAPA 63.05.04.

28. Admitted.

29. Admitted that a scoring rubric is a component of the grant award process. Otherwise, denied.

30. Admitted that ICDVVA's policies speak for themselves. Otherwise, denied.

31. Admitted that ICDVVA's policies speak for themselves. Otherwise, denied.

### ALLEGATIONS AGAINST COBS

32. Admitted that COBS was a subrecipient of ICDVVA in 2024 and is a subrecipient in 2025. Otherwise, denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

33. Admitted that Defendants have at various times been made aware of some allegations by IATC or its leaders against COBS. Denied that IATC made all the allegations

described in this paragraph to Defendants or at times when Defendants had any ability to take any action in response to the allegations. Denied that all IATC's allegations have been or can be substantiated. Otherwise, denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

34. Admitted that ICDVVA has at various times been made aware of some allegations by IATC or its leaders against COBS, either directly to ICDVVA or to other persons and entities. Denied that IATC made all the allegations described in this paragraph to ICDVVA or at times when ICDVVA had any ability to take any action in response to the allegations. Denied that IATC's allegations have been or can be substantiated. Denied that the March 14, 2023, "formal complaint" was a complaint about COBS; it was instead a complaint about ICDVVA's then Executive Director. Otherwise, denied for lack of information sufficient to form a belief regarding the truth of the allegations of this paragraph.

35. Admitted that ICDVVA took no formal action in response to any complaints or reports from IATC before COBS became a subrecipient of ICDVVA in late 2023. Denied that the March 14, 2023, complaint was a complaint about COBS; it was instead a complaint about ICDVVA's then Executive Director. Admitted that ICDVVA did take action in response to a client complaint facilitated by IATC against COBS in late 2023, shortly after COBS for the first time became a subrecipient of ICDVVA. Denied that ICDVVA had any ability or responsibility to investigate any other allegations against COBS by IATC, whether in the form of a "report" or a "complaint" or otherwise, as they all predated COBS's status as an ICDVVA subrecipient.

36. Admitted that the InvestigateWest online posts—dated July 15, 16, 17, and 31—speak for themselves. Otherwise, denied.

37. Admitted that the InvestigateWest online posts speak for themselves. Otherwise, denied.

38. Admitted that the InvestigateWest online posts speak for themselves. Otherwise, denied.

39. Admitted that the InvestigateWest online posts speak for themselves. Otherwise, denied.

## ICDVVA'S REACTION TO INVESTIGATEWEST INVESTIGATION AND ARTICLES

40. Admitted that in mid-spring 2024, Director Wiemiller was contacted by a representative of InvestigateWest who said they were working on a story about anti-trafficking efforts in Idaho. It was apparent during the conversation/interview that the article was going to focus on COBS.

41. Admitted that the May 7, 2024, email speaks for itself. Otherwise, denied.

42. Admitted that it was apparent during the conversation/interview with InvestigateWest referenced in ¶ 40 that the article was going to focus on COBS.

43. Admitted that the May 7, 2024, email speaks for itself. Otherwise, denied.

44. Admitted that the June 21, 2024, email speaks for itself. Otherwise, denied.

45. Admitted.

46. Admitted that the June 18, 2024, email speaks for itself. Otherwise, denied.

47.     Admitted that Mr. Somerton and Ms. Uhrig met with IATC board members on June 25, 2024, to discuss several topics, including Ms. Zielinski's "bad-mouthing" of ICDVVA to another subrecipient agency, not to InvestigateWest. Otherwise, denied.

48.     Admitted that the July 1, 2024, email speaks for itself. Otherwise, denied.

49.     Admitted that the July 2, 2024, email speaks for itself. Otherwise, denied.

50.     Admitted that Ms. Duque's email speaks for itself. Otherwise, denied.

51.     Admitted that Director Wiemiller's email speaks for itself. Otherwise, denied.

52.     Admitted that Director Wiemiller's email speaks for itself. Otherwise, denied.

53.     Admitted that the referenced emails speak for themselves. Otherwise, denied.

54.     Admitted that ICDVVA was frustrated that InvestigateWest appeared not to be seeking facts from ICDVVA but instead had a predetermined goal. Denied that ICDVVA was frustrated or angry about any information or allegations Ms. Zielinski shared with InvestigateWest about COBS; instead, ICDVVA used the information in the InvestigateWest articles to explore COBS's adherence to the terms of its FY2024 grant. Otherwise, denied.

55.     Admitted that the first InvestigateWest article was published online on July 15, 2024, and that the article speaks for itself. Otherwise, denied.

56.     Admitted that the referenced emails speak for themselves. Otherwise, denied.

57.     Admitted that the July 17, 2024, email speaks for itself. Otherwise, denied.

58.     Admitted that the July 17, 2024, email speaks for itself. Otherwise, denied.

59.     Admitted that the minutes of the public July 26, 2024, meeting speak for themselves. Otherwise, denied.

60. Admitted that on July 26, 2024, Ms. Wiemiller replied to an email from Special Agent Stenger, which emails speak for themselves. Otherwise, denied.

61. Denied.

62. Admitted that the July 29, 2024, email speaks for itself. Otherwise, denied.

63. Admitted that there was a meeting between COBS and ICDVVA on July 30, 2024. Otherwise, denied.

64. Admitted that the referenced emails speak for themselves. Otherwise, denied.

65. Denied.

66. Admitted that the July 31, 2024, email speaks for itself. Otherwise, denied.

67. Admitted that the referenced emails speak for themselves. Otherwise, denied.

68. Admitted that the InvestigateWest online post speaks for itself. Otherwise, denied.

69. Admitted that the July 31, 2024, email speaks for itself. Otherwise, denied.

70. Admitted that the July 31, 2024, email speaks for itself. Otherwise, denied.

71. Admitted that the InvestigateWest online post speaks for itself. Otherwise, denied.

72. Admitted that the referenced emails speak for themselves. Otherwise, denied.

73. Admitted that Mr. Somerton's email speaks for itself. Otherwise, denied.

74. Admitted that the August 1, 2024, email speaks for itself. Otherwise, denied.

75. Admitted that the August 1, 2024, Zoom meeting invitation speaks for itself. Otherwise, denied.

76. Admitted that ICDVVA personnel held meetings and communicated with COBS to evaluate and encourage COBS's compliance with the terms of its grant. Otherwise, denied.

77. Admitted that the August 1, 2024, email speaks for itself. Otherwise, denied.

78. Denied.

79. Admitted that the August 2, 2024, email speaks for itself. Otherwise, denied.

80. Denied.

81. Admitted that the August 7, 2024, letter speaks for itself. Otherwise, denied.

82. Admitted that the August 8, 2024, public records request speaks for itself. Otherwise, denied.

83. Denied.

84. Admitted that the September 5, 2024, response to the public records request and the records produced speak for themselves. Otherwise, denied.

85. Admitted that the September 5, 2024, email speaks for itself. Otherwise, denied.

86. Admitted that the public agenda for the public September 6, 2024, email speaks for itself. Otherwise, denied.

87. Denied as an incomplete description of the discussion during the lengthy meeting. Among other things, the Council also discussed information learned after August 7, 2024, from other agencies about IATC's statements and behavior.

88. Admitted that the public meeting minutes speak for themselves. Otherwise, denied.

89. Admitted that the audio recording of the public September 6, 2024, meeting speaks for itself. Otherwise, denied.

90. Admitted that the audio recording of the public September 6, 2024, meeting speaks for itself. Otherwise, denied.

91. Admitted that the audio recording of the public September 6, 2024, meeting speaks for itself. Otherwise, denied.

92. Admitted that the audio recording of the public September 6, 2024, meeting speaks for itself. Otherwise, denied.

93. Admitted that the audio recording of the public September 6, 2024, meeting speaks for itself. Otherwise, denied.

94. Denied.

95. Admitted that the public meeting minutes speak for themselves. Otherwise, denied.

96. Denied.

97. Admitted that the September 19, 2024, complaint speaks for itself and that the complaint was not available to the Council until after September 25, 2024. Otherwise, denied.

98. Admitted.

99. Admitted that one of the actions taken at the public September 20, 2024, ICDVVA meeting, after additional lengthy discussion, was to not grant funding to IATC for FY2025, with one dissenting vote. Otherwise, denied.

100. Admitted that the September 24, 2024, complaint speaks for itself and that the complaint was not available to the Council until after September 25, 2024. Otherwise, denied.

101. Admitted that the September 25, 2024, letter speaks for itself. Otherwise, denied.

102. Denied.

103. Admitted that, in accordance with ICDVVA's grievance policy, ICDVVA forwarded the NFJC and COBS complaints to IATC on October 8, 2024.

104. Denied.

105. Admitted that ICDVAA did not put IATC on a corrective action plan for the obvious reason that IATC's FY2024 grant was expiring September 30, 2024, and IATC was not receiving a grant for FY2025.

106. Denied.

107. Admitted that the September 25, 2024, letter speaks for itself. Otherwise, denied.

108. Admitted that each grant application is evaluated against multiple criteria, of which the scoring rubric is only one and is not dispositive. Otherwise, denied.

## CAUSE OF ACTION

### FIRST CLAIM FOR RELIEF
FIRST AMENDMENT RETALIATION
(42 U.S.C. § 1983 – U.S. Const. Amend. I)
[IATC and Ms. Zielinski]
[Against Somerton, Uhrig, Wimiller, Moe, Beazer, Kaschmitter, Jacobson, Lemieux, Does I-X in their Individual Capacities]

109. Defendants incorporate all previous paragraphs of this Answer as if fully set forth here.

110. Admitted as to the named Defendants acting in their individual capacities. Otherwise, denied.

111. Admitted that Defendants were acting under color of state law in rightly deciding not to renew IATC's funding. Otherwise, denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied

120. Denied that Plaintiffs are entitled to punitive damages.[3]

## COSTS AND ATTORNEY FEES

Denied that Plaintiffs are entitled to costs or attorney fees.

## DEMAND FOR JURY TRIAL

Defendants likewise demand a jury trial on all issues properly tried to a jury, under Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

a. Denied that Plaintiffs are entitled to any damages, including compensatory, consequential, or presumed damages;

b. Denied that Plaintiffs are entitled to punitive damages;

---

[3] Defendants do not respond to the Second, Third, and Fourth Claims for Relief, ¶¶ 121-161, because those Claims have been dismissed. *See* Dkt. 41, 42.

c.        Denied that Plaintiffs are entitled to costs of suit;

d.        Denied that Plaintiffs are entitled to a declaratory judgment;

e.        Denied that Plaintiffs are entitled to an injunction;

f.        Denied that Plaintiffs are entitled to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The SAC fails to state a claim upon which relief may be granted, including because its allegations do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the SAC.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from suit.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as Plaintiffs have failed to exhaust all administrative remedies.

## RESERVATION OF DEFENSES

Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## PRAYER FOR RELIEF

Defendants pray for the relief that Plaintiffs' SAC be dismissed with prejudice, that Plaintiffs take nothing by this action, that judgment be entered in favor of Defendants and against Plaintiffs, that Defendants are awarded costs of suit and attorney fees, and such other relief as the Court deems just.

DATED: August 26, 2025.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ *Matthew L. Maurer*
MATTHEW L. MAURER
Deputy Attorney General
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeremiah Matthew Hudson
jeremiah@fisherhudson.com
service@gisherhudson.com

*Attorney for Plaintiffs*

/s/ *Matthew L. Maurer*
MATTHEW L. MAURER